# UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X
JAIME DAVID VALLE,                      Docket No.: **19 CV 0797 (SJF)(AKT)**

          Plaintiff,

  -against-

GDT ENTERPRISES, INC., and
GERARD McCLOREY,

          Defendants.
---------------------------------------------------X

---

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

---

AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
*aarongoldsmithlaw@gmail.com*

## PROCEDURAL HISTORY

Plaintiffs filed a Complaint in the instant matter. Defendants became aware of the lawsuit by several solicitation letters sent to them by attorneys. Defendants retained Counsel shortly thereafter and Counsel filed a Notice of Appearance on February 18, 2019. On February 18, 2019, an individual handed a copy of the Summons and Complaint to a waitress in the dining room of the restaurant. (See Kavanagh Affidavit) The following week, Defendant McClorey found an envelope addressed to him, containing a copy of the Summons only, stuck in the security gate of the restaurant. (See McClorey Affidavit)

Defense Counsel made multiple attempts by both email and telephone, between March 1 and March 10, 2019 to discuss concerns addressed in this motion with Plaintiff's Counsel. To date, Plaintiff's Counsel has made no attempt to respond nor otherwise communicate with Defense Counsel.

On March 14, 2019, Defense Counsel filed a letter requesting a pre-motion conference and/or briefing schedule. On March 18, 2019, the Court filed an Order denying the request and directing Defense Counsel to simply file the instant motion.

## STATEMENT OF RELEVANT FACTS

Defendant McClorey is the President of Defendant Corporation, that operates a restaurant in Bellmore, NY. Bellmore is located within the Eastern District of New York. During the relevant periods of time articulated in the Complaint, the restaurant operated as a steakhouse under the name "Crowne Steakhouse." It closed and reopened in December, 2018 as a cajun themed restaurant known as "Top Hat Oyster Bar and French Quarter Kitchen." (See McClorey Affidavit)

During the relevant times, Defendants have required all applicants for employment to provide Government-issued identification. (See McClorey Affidavit)

Defendants have used, at all relevant times, a computerized time-keeping program. The program works by having each employee enter a code when they "clock in" or "clock out." The computers' cameras photograph each employee as they "clock in" or "clock out," to ensure the validity of the time-keeping. (See McClorey Affidavit)

On a weekly basis, Defendant Corporation's staff takes the information from the time-keeping program and sends it to it's payroll contractor, ADP. In turn, ADP calculates all employees weekly paychecks and issues a paystub including a single page statement with full accounting of pay based upon the regular hours and overtime hours worked, as well as all local, State and Federal withholdings. Each employee is presented with the paystub attached to their paychecks.

After engaging counsel in this matter, Defendants retrieved employment records for all employees over the past two (2) years. Once retrieved from both internal data and ADP records, Defendants reviewed the records and found no individual whose identification and name match that of the Plaintiff. (See McClorey Affidavit)

It is clear that Plaintiff failed to secure personal jurisdiction over Defendants due to the deficient method of service. Further, it is clear that Plaintiff lacks standing to bring the instant action; or put in a different way, lacks the ability to state a claim for which relief may be granted herein.

Plaintiff, by and through his Counsel, has brought a meritless claim and forced Defendants to incur significant sums of money in retaining counsel and associated expenses. Upon a ruling favorable to Defendants, they seek an award of costs and attorneys' fees to be determined by Inquest.

# ARGUMENT

1. <u>Personal Jurisdiction</u>

Plaintiff failed to properly serve either Defendant Corporation or Defendant McCLOREY. The failure to properly serve Defendants is particularly egregious, given the open and notorious operation of Defendant Corporation. As a result, the Complaint must be dismissed for lack of personal jurisdiction.

Rule 12(b)(2) of the Federal Rules of Civil Procedure permit a Defendant to move for dismissal upon failure of Plaintiff to secure Personal Jurisdiction. Personal Jurisdiction is secured by proper service upon a Defendant.

Rule 4(e) of the Federal Rules of Civil Procedure requires that service be effectuated as follows:

"(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Rule 4(h) of the Federal Rules of Civil Procedure mandates similar requirements for corporations, as follows:

"(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;...."

Both Rule 4 under the FRCP and Article 3 of New York's Civil Practice Law and Rules provide several means recognized as appropriate service. An individual defendant may be served personally, or by alternative service known as "nail and mail" in which a copy of the summons and complaint is affixed to the Defendant's door with a second copy provided by mailing. An individual may also be served via an individual of "Suitable Age and Discretion" at the Defendant's residence. A corporate defendant may be served through a qualified agent of service; service upon a director/officer; and/or through the New York State Department of State, Division of Corporations.

In the case at hand, Plaintiff failed to meet any of these options. As stated above, a set of copies of the Summons and Complaint was handed to a waitress. STEFANIE KAVANAGH is only a waitress and has no authority to accept service on behalf of the Defendant Corporation. According to her Affidavit, the individual who served process did not attempt to engage in any conversation or questions to even determine if she was a qualified agent for service. Accordingly, this attempt at service failed to meet the requirements of Rules 4(e)(2)(c) and 4(h)(1)(b).

Additionally, the means of process that was apparently intended for Defendant McCORLEY was woefully inadequate. As Defendant McCORLEY points out in his Affidavit, a copy of the Summons only was placed in an envelope addressed to him and left in the security gate. There was no attempt at "nail and mail" service; no attempt at serving Defendant McCORLEY at his residence and certainly no attempt to locate him in the restaurant when the Defendant Corporation papers were handed to Ms. KAVANAGH. Accordingly, this attempt at service failed to meet the requirements of Rules 4(e)(1) and 4(e)(2)(A) and/or (B).

As a result of the foregoing, it is unequivocal that Plaintiff failed to properly serve either Defendant in this matter. Accordingly, the Court must grant this motion and issue an Order, dismissing the action for failure to assert personal jurisdiction on the Defendants.

2. <u>Failure to State a Claim</u>

There is a lack of legal merit and inability of Plaintiff to satisfy the elements of the causes of action. Therefore, Defendants' motion must be granted in its entirety, and the Complaint dismissed.

Rule 12(b)(6) of Federal Rules of Civil Procedure permits a party to move for dismissal where the Plaintiff "fails to state a claim upon which relief may be granted."

In recent years, the Supreme Court has established the "plausibility" standard for which 12(b)(6) motions are analyzed. Under *Bell Atlantic Corp v Twombly*, 550 US 544 (2007), the Court established essentially a two-step process in evaluating whether a claim should survive a 12(b)(6) attack. The first step requires the review for "merely legal conclusions resting on prior [factual] allegations." *Id* at 564. The second step requires the review of remaining facts to determine if there is "enough factual matter" to "nudge[] their claims across the line from conceivable to plausible…." *Id* at 556, 570.

The Supreme Court expounded upon its ruling in *Twombly* to all civil actions in *Ashcroft v Iqbal*, 556 US 662,129 S.Ct. 1937 (2009). However, as Justice Souter (the author of the *Twombly* majority) cautioned in his dissent to *Iqbal*, no matter how skeptical, 12(b)(6) does not require dismissal based upon a Judge's disbelief of the factual allegations, absent claims that are "sufficiently fantastic to defy reality…." *Id* at 1959 (Souter, dissent)(quoting *Neitzke v Williams*, 490 US 319, 327 (1989)).

In the midst of the Supreme Court's evolution of the 12(b)(6) standard, the Second Circuit maintained a similar pragmatic approach. *Ross v Bank of America*, 524 F3d 217 (2d Cir.2008) held that "asking for plausible grounds to infer [a cause of action] does not impose a **probability** requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation

that discovery will reveal [such] evidence…." *Id* at 225.  (emphasis added)

In the case at hand, Plaintiff fails a plausibility standard.  As discussed above, Defendants searched all employment records for the relevant period of time and found no employee that matches the identity listed of Plaintiff.

As Defendant McCORLEY stated in his Affidavit, the Defendant Corporation uses computerized "clock hours" technology.  The computer calculates the time entered and finished by each employee using their individual employee codes and cameras are designed to capture a photograph of the individual employee at the beginning and end of each shift.  The hours are collected for each pay period and forwarded to ADT, a nationwide leader in payroll and business accounting services.

ADT then provides Defendant Corporation with a stack of paychecks including a statement of accounting attached to each.  The statements include the calculated hours of both regular and overtime work during the pay period, along with calculations of all local, State and Federal totals.

As each employee receives their paycheck, they receive a printed statement including all information about their salary, hours worked, wages and withdrawals.

Further, as Defendant McCORLEY noted in his Affidavit, each applicant for employment is required to provide a copy of Government issued identification.

Given the fact that no name of employees matches that of Plaintiff, (copies of redacted employee records for the relevant time period are being provided to the Court by hard-copy and not electronically filed pursuant to redaction rules) and the comprehensive nature of the employment records, it is clear that Plaintiff will not be able to "nudge [his] claims from conceivable to plausible."  Nor has Plaintiff been able to plead enough facts to raise a reasonable expectation that discovery will reveal such evidence.

As a result of the foregoing, it is clear that the Plaintiff has failed to state a cause of action upon which relief may be granted.  Accordingly, the Court must grant Defendants motion and issue an Order dismissing the Complaint.

If for any reason the Court does not dismiss the Complaint, it is respectfully requested that the Court issue Defendants a new deadline to file their Answer(s) and for such other and further relief it deems appropriate.

## CONCLUSION

Based upon the foregoing, as well as the Affirmation of Aaron M. Goldsmith as well as the Affidavits of GERARD McCORLEY and STEFANIE KAVANAGH, Plaintiff has failed to assert personal jurisdiction over both Defendants and has failed to state a claim upon which relief may be granted.  Accordingly, the Court must grant this application and issue an Order dismissing the Complaint in its entirety; awarding Defendants costs and attorneys fees to be determined at an Inquest herein; and for such other and further relief as this Court deems just and proper.  In the alternative, should the Court not dismiss the Complaint, the Court should issue a new deadline for Defendants to file their Answer(s).

Dated: New York, NY
April 3, 2019

*Aaron M. Goldsmith*
_____
AARON M. GOLDSMITH ESQ. (AG4773)
Attorney for Defendants
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
*aarongoldsmithlaw@gmail.com*

TO: HELEN DALTON & ASSOCIATES, PC
Attorneys for Plaintiff
Attn.: Roman Avshalumov, Esq.
69-12 Austin St.
Forest Hills, NY 11375
 (718) 263-9591
*avshalumovr@yahoo.com*

Case 2:19-cv-00797-SJF-AKT   Document 13   Filed 04/03/19   Page 9 of 9 PageID #: 46