FILED
CLERK
2:39 pm, Jan 28, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAIME DAVID VALLE, individually and on
behalf of all others similarly situated,

                         Plaintiff,

      -against-

GDT ENTERPRISES, INC. d/b/a CROWN
STEAKHOUSE and GERARD MCCLOREY,
as an individual,

                      Defendants.
------------------------------------------------------------X

**OPINION & ORDER**
19-CV-797(SJF)(AKT)

FEUERSTEIN, District Judge:

I.     Introduction

On February 8, 2019, plaintiff Jaime David Valle ("plaintiff") filed a collective action complaint against defendants GDT Enterprises, Inc. ("GDT"), d/b/a Crown Steakhouse, and Gerard McClorey ("McClorey") (collectively, "defendants"), seeking, *inter alia*, damages for defendants' alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the New York State Labor Law ("NYLL"). Pending before the Court is defendants' motion to dismiss plaintiff's claims pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for insufficient service of process and failure to state a claim for relief. For the reasons set forth below, the branch of defendants' motion seeking to dismiss plaintiff's claims for insufficient service of process is granted and plaintiff's claims are dismissed in their entirety.

1

II. Discussion

    A. Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987); *accord Dynergy Midstream Servs., LP v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006); *see also Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016), *cert. denied sub nom Sokolow v. Palestine Liberation Org.*, 138 S. Ct. 1438, 200 L. Ed. 2d 716 (2018) ("To exercise personal jurisdiction lawfully, . . . the plaintiff's service of process upon the defendant must have been procedurally proper.") "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital*, 484 U.S. at 104, 108 S. Ct. 404 (alteration in original) (quoting *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45, 66 S. Ct. 242, 90 L. Ed. 185 (1946)).

When a defendant moves to dismiss a complaint for insufficient service of process, "the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)); *accord Vidurek v. Koskinen*, --- F. App'x ---, 2019 WL 5152509, at * 2 (2d Cir. Oct. 15, 2019) (summary order). "[W]here a court has not conducted a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials[,]" *Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 173 (E.D.N.Y. 2015) (quotations and citation omitted), and "the court considers the parties' pleadings and affidavits in the light most favorable to the non-moving party." *New York v.*

*Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 308-09 (E.D.N.Y. 2014) (quoting *Krape v. PDK Labs Inc.*, 194 F.R.D. 82, 84 (S.D.N.Y.1999)); *see also Johnson v. UBS AG*, --- F. App'x ---, 2019 WL 5802323, at * 1 (2d Cir. Nov. 7, 2019) (summary order). However, "'[c]onclusory statements' that service was properly effected are insufficient to carry that burden." *Blau*, 124 F. Supp. 3d at 173 (quoting *C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005)); *see also Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014), *aff'd*, 626 F. App'x 297 (2d Cir. Sept. 22, 2015) ("To make 'a prima facie showing,' the plaintiff must aver facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant. . . . [C]onclusory statements by a plaintiff are insufficient to overcome a defendant's sworn affidavit that he was not served." (quotations and citations omitted)); *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) ("Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served.") In considering a motion to dismiss for insufficiency of process, the Court "must look to matters outside the complaint to determine whether it has jurisdiction[,]" *Mountain Tobacco*, 55 F. Supp. 3d at 309 (quoting *Darden*, 191 F. Supp. 2d at 387), *i.e.*, whether service was sufficient. *See George v. Professional Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 (S.D.N.Y. 2016).

Generally, Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal lawsuit. *See Omni Capital*, 484 U.S. at 104, 108 S. Ct. 404. Absent a waiver of service pursuant to Rule 4(d), a plaintiff must properly serve a summons and complaint upon a defendant pursuant to one of the methods authorized by Rule 4 of the Federal Rules of Civil Procedure. "Rule 4(e) generally provides that individuals may be served by either (1) following the relevant state law procedures for service of the State where the district court is located or where service is

made, or (2) personal delivery, leaving a copy at the individual's dwelling or usual abode with a person who resides there, or delivering a copy to an agent authorized [by appointment or by law] to receive process." *Vidurek*, --- F. App'x ---, 2019 WL 5152509, at * 2 (citing Fed. R. Civ. P. 4(e)). Plaintiff did not use any of the methods prescribed by Fed. R. Civ. P. 4(e)(2) to serve McClorey.

New York State law provides, in relevant part, that a natural person may be served:

> "1. by delivering the summons within the state to the person to be served; or 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or *by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served*, such delivery and mailing to be effected within twenty days of each other; . . . or 3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318[1], . . . [or] 4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; . . . [or] 5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section."

N.Y. C.P.L.R. § 308 (emphasis added). "The requirements of section 308 are strictly enforced[,]" *Loria v. Desain*, No. 18-cv-6541, 2019 WL 5394211, at * 3 (W.D.N.Y. Oct. 22, 2019); *see also*

---

[1] Section 318 provides: "A person may be designated by a natural person, corporation or partnership as an agent for service in a writing, executed and acknowledged in the same manner as a deed, with the consent of the agent endorsed thereon. The writing shall be filed in the office of the clerk of the county in which the principal to be served resides or has its principal office. The designation shall remain in effect for three years from such filing unless it has been revoked by the filing of a revocation, or by the death, judicial declaration of incompetency or legal termination of the agent or principal." N.Y. C.P.L.R. § 318.

4

*Hoffman v. Ighodaro*, No. 16 Civ. 0155, 2016 WL 6093236, at * 4 (S.D.N.Y. Sept. 28, 2016), *report and recommendation adopted*, 2016 WL 6092706 (S.D.N.Y. Oct. 18, 2016) ("It is well established that the New York statutory regime for service must be followed strictly"), and "[s]ervice pursuant to Section 308(2) is insufficient unless both the delivery and the mailing take place as required by the statute." *Roesch v. Sullivan*, No. 15 Civ. 247, 2016 WL 11484171, at * 7 (S.D.N.Y. Aug. 8, 2016), *report and recommendation adopted*, 2016 WL 4573991 (S.D.N.Y. Aug. 31, 2016); *see also Assets Recovery 23, LLC v. Gasper*, No. 15-CV-5049, 2018 WL 5849763, at * 6 (E.D.N.Y. Sept. 11, 2018), *report and recommendation adopted*, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018) ("New York law requires strict compliance with both the personal delivery and mailing requirements of CPLR § 308(2)."); *Wells Fargo Bank, N.A. v. Heaven*, 176 A.D.3d 761, 762, 109 N.Y.S.3d 162 (N.Y. App. Div. 2019) ("Personal jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been complied with. . . . The mailing requirement of CPLR 308(2) is to be strictly construed.")

Plaintiff submits an affidavit of service from his process server, Ralph M. Clark, dated February 19, 2019, indicating that he served a summons for McClorey by leaving it at McClorey's "place of business," identified as GDT, 106 Bedford Avenue, Bellmore, New York 11710, with "Stephanie McVangh – Co-worker, Auth. to Accept," a person of suitable age and discretion who works there[2], on February 14, 2019 at 4:25 p.m., and mailing a copy thereof to McClorey's "last known place of business," the name and address of which is not identified, which was "[m]ailed personal and confidential on 2/19/19." (Declaration of Roman Avshalumov, Esq., ["Avshalumov Decl."], Ex. B). The process server does not, *inter alia*,

---

[2] The process server described "Stephanie McVangh" as being a "White Female, Brown hair, 30-35 yrs., 5'2-5'4, 160 lbs." (Avshalumov Decl., Ex. B).

indicate that the summons was mailed by first class mail to McClorey at his actual place of business or to the same address at which he delivered the summons to "Stephanie McVangh," nor does he identify the name or address of the "last known place of business" to which the summons was mailed. Accordingly, the affidavit of service did not establish prima facie that service was properly effected pursuant to N.Y. C.P.L.R. § 308(2). *See, e.g. Heaven*, 176 A.D.3d at 763, 109 N.Y.S.3d 162 (dismissing the complaint for lack of personal jurisdiction where the process server's affidavit of service failed to indicate to what address the papers were mailed and plaintiff proffered no further evidence of compliance with the mailing requirement of Section 308(2)); *Aurora Loan Servs., LLC v. Revivo*, 175 A.D.3d 622, 624, 107 N.Y.S.3d 87 (N.Y. App. Div. 2019) (finding that the plaintiff failed to meet its burden of proving that jurisdiction was obtained where the process server failed to indicate the address to which the summons and the complaint were mailed and, thus, failed to demonstrate that service of the summons and complaint had been properly effectuated in compliance with Section 308(2)); *Deutsche Bank Nat'l Trust Co. v. Ferguson*, 156 A.D.3d 460, 461, 64 N.Y.S.3d 887 (N.Y. App. Div. 2017) (finding that the mailing component of CPLR 308(2) was not strictly complied with where the affidavit of service indicated "that the summons and complaint were mailed to defendant's 'last known address,' without identifying that address.") Furthermore, the affidavit of service does not indicate that a copy of the complaint was mailed with the summons. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.")

On the other hand, McClorey asserts in his affidavit in support of the motion to dismiss that "[s]ometime during the week of February 18 – 22, 2019, [he] found a copy of the Summons only, in an envelope with [his] name on it, stuck in the security gate by the restaurant door. There was nothing else with it and it had been left during a time when the restaurant was closed."

(McClorey Aff., ¶ 8). In opposition to defendants' motion, plaintiff offered no further evidence of compliance with the mailing requirements of N.Y. C.P.L.R. § 308(2) or the service requirements of Fed. R. Civ. P. 4(c)(1). Accordingly, plaintiff has not satisfied his burden of proving adequate service upon McClorey.

With respect to GDT, which is a corporate entity, plaintiff "was required to effect service either (1) in the manner required under New York . . . law or (2) by delivering a copy of the summons and complaint to certain corporate officers or an agent authorized to receive service of process." *Obot v. Navient Sols., Inc.*, 726 F. App'x 47, 48 (2d Cir. Mar. 19, 2018) (summary order) (citing Fed. R. Civ. P. 4(e)(1), (h)(1)(A)-(B)). Under New York state law, a corporation may be served by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."[3] N.Y. C.P.L.R. § 311.

"In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service[,]" *Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002), provided such reliance is "reasonable." *Augustin v. Apex Fin. Mgmt.*, No. 14 Civ. 182, 2015 WL 5657368, at * 3 (E.D.N.Y. July 27, 2015), *report and recommendation adopted*, 2015 WL 7430008 (E.D.N.Y. Nov. 23, 2015) (citing *Old Republic*, 301 F.3d at 57); *accord Shengjian Zhuang v. Hui's Garden Rest. Inc.*, No. 17-cv-7547, 2019 WL 1578193, at * 1 (E.D.N.Y. Feb. 19, 2019). However, "[a] process server's reliance has been found unreasonable when he made no attempt to ascertain the title or corporate

---

[3] Section 311 of the New York Civil Practice Law and Rules further provides that "[a] business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law." The New York Business Corporation Law, *inter alia*, authorizes service on the secretary of state as agent of a domestic or authorized foreign corporation, *see* N.Y. Bus. Corp. L. § 306(a)-(b); and service on an unauthorized foreign corporation, *see* N.Y. Bus. Corp. L. § 307. Neither section is applicable to this case, as plaintiff does not assert that he served the secretary of state as agent of GDT, nor that GDT is an unauthorized foreign corporation served in accordance with N.Y. Bus. Corp. L. § 307.

position of the individual who accepted the papers or even to inquire whether the individual was actually an employee of the defendant corporation." *Shengjian Zhuang*, 2019 WL 1578193, at *1 (quotations and citation omitted); *accord Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. 13-CV-4590, 2014 WL 6606402, at * 3 (E.D.N.Y. Aug. 4, 2014), *report and recommendation adopted*, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014).

Plaintiff submits an affidavit from his process server, dated February 19, 2019, indicating, *inter alia*, that he served a summons for GDT on "Stephanie McVangh – Managing Agent, Auth. to Accept, who is designated by law to accept service of process on behalf of GDT . . ." on February 14, 2019. (Avshalumov Decl., Ex. B). The process server does not indicate, *inter alia*, the basis for his conclusory statements that the individual who he identifies as "Stephanie McVangh" was a "Managing Agent . . . who is designated by law to accept service of process on behalf of GDT," or was otherwise authorized to accept process on behalf of GDT. *See, e.g. Shengjian Zhuang*, 2019 WL 1578193, at * 2 (finding that the process server's failure to explain how he knew that a "Jane Doe" was authorized to accept service suggested that "service was not made to a person authorized to accept service."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 430 (S.D.N.Y. 2014) (finding that the plaintiff failed to demonstrate proper service where the affidavit of service only identified the individual who accepted service and stated that such individual "is designated by law to accept service on behalf of [the defendant]," but included no indication that the individual was actually authorized to accept service on behalf of the defendant, or that she represented the same to the process server).

On the other hand, defendants have provided a sworn affidavit indicating that Stefanie Kavanagh ("Kavanagh"), the part-time waitress to whom the summons was delivered, and who

8

is incorrectly identified as "Stephanie McVangh" on plaintiff's affidavits of service, was not authorized to accept service on behalf of GDT and never told the process server that she was. (*See* Affidavit of Stefanie Kavanagh ["Kavanagh Aff."], ¶¶ 3, 6, 8). Plaintiff has not provided any evidence to rebut those assertions or to otherwise demonstrate that Kavanagh was authorized by defendants to accept service of process on behalf of GDT or informed the process server that she was. Accordingly, plaintiff has not satisfied his burden of burden of proving adequate service upon GDT. *See, e.g. Oyewole v. Ora*, 291 F. Supp. 3d 422, 430 (S.D.N.Y. 2018), *aff'd*, 776 F. App'x 42 (2d Cir. Sept. 4, 2019), *reh'g and reh'g en banc denied* (2d Cir. Oct. 16, 2019).

Moreover, "the simple fact that [the defendants] obtained a copy of the . . . [summons and] complaint against [them] is insufficient for service to be deemed effective under New York law." *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010); *see also Ruffin v. Lion Corp.*, 15 N.Y.3d 578, 583, 915 N.Y.S.2d 204, 940 N.E.2d 909 (N.Y. 2010) ("Defendant's actual receipt of the summons and complaint is not dispositive of the efficacy of service."); *Macchia v. Russo*, 67 N.Y.2d 592, 595, 505 N.Y.S.2d 591, 496 N.E.2d 680 (N.Y. 1986) ("In a challenge to service of process, the fact that defendant has received prompt notice of the action is of no moment. . . . Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court.")

Since plaintiff did not request a waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, and the methods of service indicated in plaintiff's affidavits of service do not satisfy any of the methods of service described in Rules 4(e)(2) or (h), or comply with the service procedures of New York state law, *see* N.Y. C.P.L.R. §§ 308 and 311, plaintiff's service of process was insufficient. Moreover, plaintiff has not presented a colorable excuse for his neglect, nor requested an opportunity to cure any defects in the service of process. Accordingly,

9

the branch of defendants' motion seeking dismissal of plaintiff's claims for insufficient service of process is granted and plaintiff's claims are dismissed in their entirety for lack of personal jurisdiction.[4]

III. Conclusion

For the reasons set forth above, the branch of defendants' motion seeking to dismiss plaintiff's claims for insufficient service of process is granted and plaintiff's claims are dismissed in their entirety without prejudice for lack of personal jurisdiction.

SO ORDERED.

                    /s/ *Sandra J. Feuerstein*
                    Sandra J. Feuerstein
                    United States District Judge

Dated: January 28, 2020
       Central Islip, New York

---

[4] In light of this determination, the Court does not address the branch of defendants' motion seeking dismissal of plaintiff's claims on the merits pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.